Case 12-01876   Doc 12   Filed 02/05/13   Entered 02/06/13 06:14:59   Desc Main
Document   Page 1 of 3

12-01876:8.2:Motion for Default Judgment:Exhibit proposed findings and conclusions Entered: 1/16/2013 7:45:30 AM by:Jonathan Parker Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-45877 |
| | ) | |
| Charles Galvan and | ) | Hon. Jack B. Schmetterer |
| Martha Galvan | ) | |
|     Debtors | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| Charles Galvan and | ) | Adv No. 12-01876 |
| Martha Galvan | ) | |
|     Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Ocwen Loan Servicing LLC and | ) | |
| Brendan Financial Inc | ) | |
|     Defendant | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Brendan Financial Inc, the following findings of fact and conclusions of law are made and will be entered:

1.    Plaintiffs are individuals residing at 7834 S. Kolmar Ave., Chicago, IL 60652.

2.    Brendan Financial Inc is a lender and/or servicer of mortgages.

3.    Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 11/20/2012 in the Northern District of Illinois, case number 12-45877.

4.    This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 4905 S. Karlov Ave., Chicago, IL 60632 described as follows:

Common Address: 7834 S. Kolmar Ave., Chicago, IL 60652

Parcel ID #: 19-27-319-101-0000

7. The fair market value of the real estate is $95,714 pursuant to Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Ocwen Loan Servicing LLC in the amount of $118,913.09 pursuant to Exhibit B to the original adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $118,913.09, exceeds the value of the above real estate, $95,714.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Jack B. Schmetterer

FEB 0 5 2013

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603